## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 03 2015, 5:29 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| John C. Bohdan<br>Deputy Public Defender<br>Fort Wayne, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Karl M. Scharnberg<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Willie Bontempo,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | December 3, 2015<br><br>Court of Appeals Case No.<br>02A03-1505-CR-446<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Frances C. Gull, Judge<br><br>Trial Court Cause No.<br>02D06-1412-F5-125 |

**Baker, Judge.**

[1] Willie Bontempo appeals the sentence he received for Level 5 Felony Failure to Register.[1] He asks us to revise his sentence. Finding his sentence not inappropriate, we affirm.

## Facts

[2] On August 15, 2005, Willie Bontempo was convicted of child molesting and sentenced to ten years. He was released on parole, and on November 14, 2014, he registered his address as a room at a local Holiday Inn. Police went there to check that that was his place of residence, but the owner informed them that Bontempo had stayed there for only one night. On November 24, Bontempo was arrested on an unrelated warrant and was asked about his residence. Initially, he said he had moved out of the room less than three days prior— which would have put him within the 72-hour safe harbor period for a change in principal residence, Ind. Code § 11-8-8-8(c)—but when confronted with the knowledge that he had only stayed there for one night, he conceded that he was in violation of his sex offender registration requirements. App. at 15.

[3] On March 23, 2015, Bontempo pleaded guilty, without the benefit of a plea agreement, to failure to register as a sex offender, a Level 5 felony. At the April 23, 2015, sentencing hearing, the trial court heard testimony that this was not Bontempo's first failure to register—"The first time it was intentional, he went on the run," sent. tr. 9—and that the first failure to register and underlying child

---

[1] Ind. Code § 11-8-8-11.

molestation convictions were not his only criminal history: he has three juvenile adjudications that would have been felony convictions if committed by an adult. In addition to the adult convictions of child molesting and the first failure to register, Bontempo had also been convicted of possession of marijuana, and he was on probation at the time of the instant offense. Against these aggravators, the trial court weighed the mitigators of the "plea of guilty, [the] acceptance of responsibility, and the family support" Bontempo presented at the hearing. *Id*. at 15. The trial court sentenced him to the advisory sentence of three years executed. Bontempo now appeals.

## Discussion and Decision

[4] Bontempo has one argument on appeal: that his sentence is inappropriate. Indiana Appellate Rule 7(B) provides, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The principal role of such review is to attempt to leaven the outliers, but not to achieve a perceived "correct" sentence. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference. *Id.* at 1222.

[5] Turning to the nature of Bontempo's offense, we concede that his offense of not registering was not particularly grave. This was not a case of being unregistered, or fraudulently registered, for years; this was a matter of days. Up

until November 2014, Bontempo had properly registered his previous places of residence. On the other hand, his previous compliance with the registration duties shows that he knew what was required of him. Moreover, it is not as if Bontempo turned himself in; he only came into the custody of the police after being arrested on an unrelated warrant.

[6] Turning to Bontempo's character, we find substantial reasons not to reduce his sentence. He has an extensive juvenile record, including three adjudications that would have been felonies if committed by an adult. In addition, he has previously been convicted of failure to register. Moreover, he was on probation at the time he committed the instant offense.

[7] As the conjunction in Rule 7(B) makes clear, we can only find a sentence inappropriate in light of both the nature of the offense *and* the character of the offender. Even if the nature of Bontempo's offense is not particularly grave, his character and criminal history sufficiently justify the trial court's decision to sentence him to the advisory sentence of three years. While we might have sentenced him differently, sentencing is primarily the job of the trial court, and the trial court did not abuse its discretion.

[8] The judgment of the trial court is affirmed.

Bradford, J., and Pyle, J., concur.